# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 12, 2021

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| CAYLIN WILLIAMS, | \* | No. 16-0553V |
| | \* | |
| Petitioner, | \* | Special Master Sanders |
| | \* | |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for Petitioner
Dhairya D. Jani, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On March 19, 2020, Caylin Williams ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting a total of **$145,845.90**. Mot. Int. Att'ys' Fees & Costs, ECF No. 60 [hereinafter Fees App.]. On April 2, 2020, Respondent filed his response to Petitioner's motion. Resp't's Resp., ECF No. 61. In his response, Respondent stated that he "defers to the Court to determine whether or not the legal standard for an interim fees and costs award . . . has been met" *Id.* at 2. For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I. Procedural History

On May 5, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2] 42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1. Petitioner alleges that as a result of DTaP, HPV, and/or meningococcal vaccinations

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

administered on or about July 29, 2014, she developed interstitial pulmonary fibrosis and acute respiratory failure that required a bilateral lung transplant. Pet. at 1. Over the following year, petitioner filed medical records into the record. On August 3, 2016, Respondent filed his Rule 4(c) Report, indicating that it was his opinion that the case was not appropriate for compensation. Thereafter, the parties retained medical experts, with Petitioner retaining Dr. M. Eric Gershwin and Respondent retaining Dr. Christine McCusker. An entitlement hearing was held in Washington, DC on December 18-19, 2019.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioners' case was filed on August 28, 2018, it has been pending for more than three years. *See* Pet. At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioner's counsel has requested $145,845.90 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Pet'r's Mot. for IAFC at 11–12. Because of the protracted nature of the proceedings and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

**III.     Reasonable Attorneys' Fees**

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348. This is a two-step approach. *Id*. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

**A.  Reasonable Rates**

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49. In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id*. at *17. The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

**i.  Reasonable Hourly Rates**

The undersigned has reviewed the hourly rates requested by Petitioner for the work of her counsel at Black McLaren, et al. The billing records indicate that most of the attorney work in this case has been performed by Mr. Chris Webb, with supporting work from Mr. Michael McLaren and Mr. William Cochran. The hourly rates requested for these attorneys are consistent with what they have previously been awarded for Vaccine Program work, and the undersigned finds them to be reasonable for work performed in the instant case as well.

**ii.  Hours Expended**

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Upon review, the undersigned finds that the billed hours are largely reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed. There are scattered instances of improper billing, such as multiple individuals

billing to review routine filings by the Court, clerical tasks like payment of invoices and filing documents, and attorneys' billing attorney rates for paralegal tasks such as scheduling. These issues are relatively minor however for a case in which nearly $100,000.00 has bene accrued in attorneys' fees so far. A reasonable reduction for these issues is $750.00. Accordingly, Petitioner is entitled to interim attorneys' fees in the amount of $98,431.90.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested $46,664.00[3] in interim costs. Fees App. at 169-171. This amount is comprised of acquiring medical records, postage, the Court's filing fee, work performed by Petitioner's various medical experts, and travel costs to meet with petitioner and her family and to attend the entitlement hearing in Washington, DC. Petitioner has provided adequate documentation of the requested costs and the costs are largely in the undersigned's experience. However, there are some issues with travel costs which require a reduction. The Vaccine Program does not compensate petitioners for upgraded travel methods for themselves, their counsel, or their experts. *See Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017); *Digerolamo v. Sec'y of Health & Human Servs.* No. 16-920V, 2019 WL 4305792, at *5 (Fed. Cl. Spec. Mstr. Jun. 28, 2019).

In the instant case, Mr. Webb traveled via first class airfare and Uber Black, while Dr. Gershwin utilized limousine service to travel to the airport. Fees App. Ex. 2 at 17, 42, 48, 52, 88, 116, 117. The undersigned shall reduce these amounts by fifty percent, resulting in a reduction of $1,089.84. Petitioner is therefore awarded final costs of $45,574.16.

### IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $99,181.90 |
| (Reduction to Fees) | - ($750.00) |
| **Interim Attorneys' Fees Awarded** | **$98,431.90** |
| | |
| Interim Costs Requested | $46,664.00 |
| (Reduction to Costs) | - ($1,089.84) |
| **Interim Costs Awarded** | **$45,574.16** |
| | |
| **Total Amount Awarded** | **$144,006.06** |

---

[3] This amount is computed as follows. $47,446.59 in costs + $245.47 in costs for photocopies/postage/pacer fees - $1,028.06 in overpayment for Dr. Gershwin's expenses.

**Accordingly, the undersigned awards a lump sum in the amount of $144,006.06, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Mr. Michael McLaren.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[4]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.