# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 22, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| JOHN C. WILLIAMS, *as representative* | * | No. 16-553V |
| *of the* ESTATE OF CAYLIN WILLIAMS, | * | |
| | * | Special Master Sanders |
| Petitioner, | * | |
| v. | * | Decision on Proffer; Damages; |
| | * | Diphtheria-Tetanus-Acellular Pertussis |
| SECRETARY OF HEALTH | * | ("DTaP") Vaccine; Human Papillomavirus |
| AND HUMAN SERVICES, | * | ("HPV") Vaccine; Meningococcal Vaccine; |
| | * | Interstitial Pulmonary Fibrosis ("IPF"); |
| Respondent. | * | Acute Respiratory Failure; Death |
| * * * * * * * * * * * * * | | |

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
*Dorian Hurley*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On May 5, 2016, Donna Williams filed a petition for compensation on behalf of her then minor daughter, Caylin Williams ("Ms. Williams"),[2] under the National Vaccine Injury Compensation Program. Pet., ECF No. 1; 42 U.S.C. § 300aa-10, *et seq.*[3] (2018) ("Vaccine Act" or "Program"). The petition alleged that Ms. Williams suffered from interstitial pulmonary fibrosis ("IPF") and acute respiratory failure requiring a bilateral lung transplant as a result of receiving diphtheria, tetanus, and pertussis ("DTaP"), human papillomavirus ("HPV"), and/or meningococcal vaccinations. *Id.*

On August 3, 2016, Respondent filed his report pursuant to Vaccine Rule 4(c), recommending that compensation be denied. Resp't's Report, ECF No. 11. An entitlement hearing was held on December 18 and 19, 2019. Min. Entry, docketed Dec. 19, 2019. I issued a Ruling on

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Ms. Williams reached the age of majority on November 8, 2020, and I amended the caption to reflect her as the sole Petitioner on November 12, 2020. *See* ECF No. 67.

[3] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

Entitlement on April 25, 2022, finding that Ms. Williams was entitled to compensation for her IPF and acute respiratory failure. Ruling, ECF No. 72.

Following my Ruling on Entitlement, on May 16, 2022, counsel for Ms. Williams informed the Court and Respondent that Ms. Williams had passed away from complications related to her lung transplant. ECF No. 75. On October 20, 2022, John C. Williams filed documentation establishing that he had been appointed personal representative of the estate of Ms. Williams. Pet'r's Ex. 71, ECF No. 81. On November 3, 2022, I amended the case caption to reflect John C. Williams, as representative of the estate of Caylin Williams, as Petitioner. ECF No. 84.

Following negotiations regarding damages, on May 18, 2023, Respondent filed a Proffer on Award of Damages ("Proffer"). Proffer, ECF No. 92. Respondent indicated that Ms. Williams' "death was a sequelae of her IPF and bilateral lung transplant." *Id.* at 2. He "denies that Ms. Williams' IPF, acute respiratory failure, and death were caused by her vaccinations" but proffers an award of compensation based on my Ruling. *Id.* at 2 n.4. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, I award Petitioner a lump sum payment of **$500,000.00 ($250,000.00 representing the statutory benefit for a vaccine-related death and $250,000.00 representing past pain and suffering)**, in the form of a check payable to John C. Williams, as personal representative of the estate of Caylin Williams. This amount represents all elements of compensation to which Petitioner would be entitled under 42 U.S.C. § 300aa-15(a). *See id.* at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[4]

  **IT IS SO ORDERED.**

            s/Herbrina D. Sanders
            Herbrina D. Sanders
            Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOHN C. WILLIAMS, *as representative of the estate of* CAYLIN WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 16-553V<br>Special Master Sanders<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

On May 5, 2016, Donna Williams filed a petition for compensation on behalf of her then minor daughter, Caylin Williams ("Ms. Williams"), under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 *et seq.*, alleging that Ms. Williams suffered from interstitial pulmonary fibrosis ("IPF") and acute respiratory failure requiring a bilateral lung transplant as a result of diphtheria, tetanus and pertussis ("DTaP"), human papillomavirus ("HPV"), and/or meningococcal vaccinations. Petition at 1. Respondent filed his Rule 4(c) Report on August 3, 2016, recommending that entitlement to compensation be denied. ECF No. 11. An entitlement hearing was held on December 18 and 19, 2019. On April 25, 2022, the Court issued a Ruling on Entitlement, finding that Ms. Williams[1] was entitled to compensation for her interstitial pulmonary fibrosis ("IPF") and acute respiratory failure.[2] ECF No. 72.

---

[1] Ms. Williams reached the age of majority on November 8, 2020, and on November 12, 2020, the caption in this case was amended to reflect her as the sole petitioner. ECF No. 67.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer,

On May 16, 2022, counsel for Ms. Williams informed the Court and respondent's counsel that Ms. Williams had passed away from complications related to her lung transplant in 2021. ECF No. 75. John C. Williams filed documentation on October 20, 2022, establishing that he was appointed personal representative of Caylin Williams' Estate under the laws of the State of Georgia. *See* Exhibit 71. On November 3, 2022, the caption of this case was amended to reflect John C. Williams, as representative of the Estate of Caylin Williams, as petitioner.[3] ECF No. 84.

Ms. Williams' death was a sequelae of her IPF and bilateral lung transplant.

I.      **Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following, and requests that the Special Master's decision and the Court's judgment award:

    a. a lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death,[4] and

    b. a lump sum payment of **$250,000.00**, which represents compensation for past pain and suffering.

These amounts represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[5] Petitioner agrees.

---

respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's April 25, 2022, entitlement decision.

[3] All references to petitioner herein refer solely to John C. Williams in his representative capacity as the personal representative of the Estate of Caylin Williams.

[4] Respondent denies that Ms. Williams' IPF, acute respiratory failure, and death were caused by her vaccinations, but proffers an award of compensation based on the Special Master's entitlement decision that her IPF and acute respiratory failure were caused by her vaccinations.

[5] This Proffer does not include attorneys' fees and costs, which the parties intend to address after a Damages Decision is issued.

II.     **Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$500,000.00**, in the form of a check payable to petitioner, John C. Williams, as personal representative of the estate of Caylin Williams.[6]  Petitioner agrees.

                               Respectfully submitted,

                               BRIAN M. BOYNTON
                               Principal Deputy Assistant Attorney General

                               C. SALVATORE D'ALESSIO
                               Director
                               Torts Branch, Civil Division

                               HEATHER L. PEARLMAN
                               Deputy Director
                               Torts Branch, Civil Division

                               ALEXIS B. BABCOCK
                               Assistant Director
                               Torts Branch, Civil Division

                               <u>s/ DORIAN HURLEY</u>
                               DORIAN HURLEY
                               Trial Attorney
                               Torts Branch, Civil Division
                               U.S. Department of Justice
                               P.O. Box 146
                               Benjamin Franklin Station
                               Washington, D.C.  20044-0146
                               Tel: (202) 353-7751
                               dorian.hurley@usdoj.gov

Dated: May 18, 2023

---

[6] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as the personal representative of the Estate of Caylin Williams at the time a payment pursuant to this Proffer is to be made, then any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as personal representative of the Estate of Caylin Williams upon submission of written documentation of such appointment to the Secretary.