# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  December 6, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * *  * | | |
| JOHN C. WILLIAMS, *as representative* | * | No. 16-553V |
| *of the* ESTATE OF CAYLIN WILLIAMS, | * | |
| | * | Special Master Young |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * *  * | | |

*Michael G. McLaren*, Black McLaren, et al., PC, Memphis, TN, for Petitioner;
*Dorian Hurley*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On May 5, 2016, Donna Williams filed a petition for compensation on behalf of her then minor daughter, Caylin Williams ("Ms. C. Williams") pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2018). Pet., ECF No. The petition alleged that Ms. C. Williams suffered from interstitial pulmonary fibrosis ("IPF") and acute respiratory failure requiring a bilateral lung transplant as a result of receiving diphtheria, tetanus, and pertussis ("DTaP"), human papillomavirus ("HPV"), and/or meningococcal vaccinations. On May 18, 2023, the parties filed a proffer, which I adopted as my decision awarding compensation on May 22, 2023. (ECF No. 93).

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On, March 19, 2020, Petitioner filed a motion for interim attorneys' fees and costs requesting $145,845.90 in interim fees and costs. (ECF No. 60). On October 12, 2021, Petitioner's motion for interim fees was granted and he was awarded $144,066.06. (ECF No. 68).

On November 7, 2023, Petitioner filed a final motion for attorneys' fees and costs. (" Pet'r's Mot. for AFC") (ECF No. 98). Petitioner requests total attorneys' fees and costs in the amount of $102,944.85, representing $60,393.10 in attorneys' fees and $42,551.75 in attorneys' costs. Pet'r's Mot. for AFC at 7. Pursuant to General Order No. 9, Petitioner has indicated that he incurred $2,267.21 in costs in pursuit of his claim. Pet'r's Mot. for AFC, Ex. 3. Respondent responded to the motion on November 17, 2023, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 99). Petitioner did not file a reply.

This matter is now ripe for consideration.

I. **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience

and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.     Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following hourly rates for the work of his counsel: for Mr. Christopher Webb, $351.00 per hour for work performed in 2020, $364.00 per hour for work performed in 2021, and $395.00 per hour for work performed in 2022, and $410.00 per hour for work performed in 2023; and, for Mr. William Cochran, $405.00 per hour for work performed in 2020, and $435.00 per hour for work performed in 2022. The rates requested are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

### B.     Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $60,393.10.

### C.     Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $42,551.75 in attorneys' costs, comprised of photocopies, postage, Pacer service fees, acquiring medical records, and estate administration fees. Pet'r's Mot. for AFC, Ex. 2 at 20-21. This amount also includes expert fees for Dr. Merrill Eric Gershwin for 66 hours at a rate of $450.00 per hour, totaling $29,700.00. *Id*. at 22-25. Petitioner has provided adequate documentation of all these expenses, and they appear reasonable in my experience. Accordingly, Petitioner is awarded the full amount of costs sought.

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/fee-schedule. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

Pursuant to General Order No. 9, Petitioner states that personal costs were incurred in the amount of $3,423.20. Pet'r's Mot. for AFC, Ex. 3. These costs are comprised of travel expenses for Petitioner and their family to attend a hearing from December 18, through December 19, 2019. *Id.* Although most of the costs were not supported by receipts, there was some documentation in the form of debits and credit care statements provided in support of these costs. Further review of these costs is warranted.

1. Airfare

Petitioner requests reimbursement for one-way flights for what appears to be eight passengers. First, Petitioner provided a Southwest receipt dated November 29, 2019, for five one-way flights from Atlanta, Georgia to Washington, D.C. on December 16, 2019, for then-Petitioner, Ms. C. Williams and her immediate family members, including her parents, Donna B. Williams and John C. Williams, and her siblings, C.D.W., and J.C.W, totaling $394.90. Pet'r's Mot. for AFC, Ex. 3 at 4-5. Next, Petitioner provided a Southwest receipt also dated November 29, 2019, for Nina M. Brantley (Lagarde) on the same flight, totaling $78.98. *Id.* at 8. Finally, Petitioner requests reimbursement for two additional Southwest flights, but did not provide any receipts or itineraries for these flights, only an undated credit card statement. *See id.* at 2, 14. According to the credit card statement, one flight was from Atlanta to D.C. on December 17th for $78.98, and the other flight was from Atlanta to D.C. on December 19th for $93.98. *Id.* The names of both passengers are scratched out on the credit card statement.

Generally, reimbursement of travel costs for family members who do not testify is not reasonable. *See, e.g., Gramza v. Sec'y of Health & Human Servs.*, No. 15-247V, 2017 WL 3574794, at *6 (Fed. Cl. Spec. Mstr. June 28, 2017) (denying reimbursement of travel costs for two family members who did not testify at the entitlement hearing). However, I will allow an exception in this case because of circumstances specific to this case, including the vaccinee being a minor at the time of the hearing. Accordingly, the I will reimburse Petitioner for the flights of Ms. Williams, Mr. Williams, C.D.W., C.A.W., and J.C.W. Mrs. Nina Lagarde testified as a witness at the hearing, and therefore her flight will also be reimbursed. However, there is no evidence that evidence that the two additional flights requested were purchased for witnesses or immediate family members, as the names of the passengers on the credit card statement are scratched out. Accordingly, I find that these costs will not be reimbursed. This results in a reduction to Petitioner's costs in the amount of **$172.96**.

2. Clothing

Petitioner requests reimbursement for two purchases from Nordstrom for $123.68 and $105.93, respectively, and one purchase from Macy's for $63.59. Pet'r's Mot. for AFC, Ex. 3 at 2. Petitioner did not provide a receipt for any of these purchases; however, he noted that the purchases from Nordstrom were for "Appropriate Court Outfit for Son." *Id.* There is no explanation for the Macy's purchase. While I understand Petitioner's desire for his family to wear appropriate attire at the hearing, the purchase of new clothing for a hearing is not a cost not properly sought from the Program. *See, e.g., Gabbard v. Sec'y of Health & Human Servs.*, No. 99-451V, 2009 WL 1456434, at *8 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (denying reimbursement for clothing the petitioner had purchased in anticipation of attending a hearing); *see also*, *McKown v. Sec'y of Health & Human Servs.*, No. 15-1451V, 2019 WL 7604714, at *4 (Fed. Cl.

Spec. Mstr. Dec. 18, 2019) (denying Petitioner's requests for reimbursement of non-travel personal costs associated with her family's appearance at the hearing). Accordingly, I find that Petitioner is not entitled to reimbursement for these costs. This results in a reduction of **$229.61**.

### 3. Other Expenses

Petitioner requests reimbursement for costs that do not appear to be directly related to participation in the litigation. Petitioner requests reimbursement from Banfield Pet Hospital in the amount of $29.95, and two purchases from the Smithsonian National Museum of Natural History store in the amounts of $10.00 and $9.95, respectively." Pet'r's Mot. for AFC, Ex. 3 at 2. Petitioners do not receive reimburse for costs indirectly incurred in travel. *See McKown*, 2019 WL 7604714, at *4 (denying reimbursement for pet care expenses and other non-travel personal costs). There is no evidence that Petitioner's pet care expenses and museum expenses were costs directly incurred in travel or otherwise related to Petitioner's litigation, and thus they do not qualify for reimbursement. This results in a reduction of **$49.90**.

Finally, Petitioner requests reimbursement for additional costs that lack sufficient detail to support these costs. Petitioner requests the following expenses:

- "Cos 307 Washington DC", December 19, 2019, $25.66
- "Sq *Apsherpallc Alexandra VA", December 20, 2019, $16.00
- "Sq *Apsherpallc Alexandra VA", December 20, 2019, $10.00

Without receipts or further explanation, the I am unable to identify the merchants listed or what was purchase, and thus cannot determine whether these costs are reasonable. This results in an additional reduction of **$51.66**.

The total reduction to the Petitioner's costs is **$504.13**. I will allow reimbursement for the remainder of the costs sought by Petitioner.[4] Petitioner is therefore reimbursed for the costs he incurred in pursuit of this litigation in the amount of $1,763.08.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

---

[4] Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." WL *Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Counsel is warned that his clients must provide sufficient evidence to substantiate the costs for which they are requesting reimbursement. While allowed in this case, future requests from petitioners with insufficient documentation may result in the reduction or denial of said costs.

| | |
|---|---|
| Attorneys' Fees Requested | $60,393.10 |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$60,393.10** |
| | |
| Attorneys' Costs Requested | $42,551.75 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$42,551.75** |
| | |
| **Total Attorneys' Fees and Costs** | **$102,944.85** |
| | |
| Petitioner's Costs Requested | $2,267.21 |
| (Reduction to Costs) | ($504.13) |
| **Total Petitioner's Costs Awarded** | **$1,763.08** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $102,944.85 representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael G. McLaren.**

2) **a lump sum in the amount of $1,763.08 representing reimbursement for personal costs, in the form of a check payable to Petitioner, John C. Williams.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

       **IT IS SO ORDERED**.

s/Herbrina Sanders Young<br>
Herbrina Sanders Young<br>
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.